IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PERCY C. JEFFERSON,

    Defendant.

Case No. 06-cr-40029-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Percy C. Jefferson's motion for a bill of particulars (Doc. 560). Jefferson has been indicted on one count of conspiracy to distribute 50 grams or more of crack cocaine.

As a preliminary matter, the motion was filed beyond the deadline set in the Court's Order regarding pretrial discovery and motion practice (Doc. 550), which requires pretrial motions to be filed within 21 days of the arraignment. Jefferson was arraigned on September 25, 2012, so this motion filed December 17, 2012, is beyond the 21 days. Jefferson did not request an extension of this deadline and has not offered any explanation why he could not have filed a timely motion.

Furthermore, the Court finds that a bill of particulars is not necessary. A bill of particulars is required if the government's indictment does not "sufficiently apprize[] the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *United States v. Fassnacht*, 332

F.3d 440, 446 (7th Cir. 2003).  In the Court's opinion, the indictment in this case adequately apprizes Jefferson of the charges against him to enable him to prepare for trial.  The sixth superseding indictment provides the relevant time frame, from February 2003 to April 27, 2006, in which Jefferson allegedly conspired to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2.

Moreover, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'"  *Id*.  The Seventh Circuit has held that this requirement is satisfied by the government's "open-file" discovery policy, which allows defense counsel to inspect all files and testimony in the government's possession.  *Id*.  "The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary."  *Id*.

Accordingly, the Court **DENIES** Jefferson's motion for a bill of particulars (Doc. 560).

**IT IS SO ORDERED.**

**DATED:** February 19, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
